**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT PADUCAH**
**CIVIL ACTION NO. 5:21CV-P23-TBR**

**ROBERT LEE HOLLON**                                                                                     **PLAINTIFF**

**v.**

**CENTRAL INTELLIGENCE AGENCY** *et al.*                                                 **DEFENDANTS**

**MEMORANDUM OPINION**

Plaintiff Robert Lee Hollon filed the instant *pro se* action proceeding *in forma pauperis*. The complaint is before the Court on an initial review pursuant to 28 U.S.C. § 1915A. Upon review, the Court will dismiss the action for the reasons stated herein.

**I. SUMMARY OF ALLEGATIONS**

Plaintiff, an inmate at the Kentucky State Penitentiary (KSP), sues the following Defendants: the Central Intelligence Agency (CIA); the Ronald Reagan Presidential Library; Correct Care Services (CCS) of Tennessee; Gina Haspel, the Director of the CIA;[1] Mrs. Ponsetti, identified as an administrator at "Eddyville Medical Department CCS of Tennessee"; and the Director of the Ronald Reagan Presidential Library.

Plaintiff's complaint includes 20 typewritten pages entirely in all capital letters, which begin with the following:

> THE CENTRAL INTELLIGANCE AGENCY HAS VIOLATED SECTION 552a-d-l OF THE PRIVICY ACT AND VIOLATED AMENDMENTS 8.14.11. OF THE U.S.CONSTITUTION THE PETITIONER IN THIS CASE HAS WROTE THE CIA A TOTAL OF OVER 20 NOTORIZED FREEDOM OF INFORMATION ACT PAPERS. THE RONALD REAGAN PRESIDENTUAL LIBRARY HAS BEEN SENT THE SAME MATERIALS AND NOT ONE RESPONCE HAS THIS PETITIONER GOT FROM EITHER PLACE. THIS PETITIONER HAD

---

[1] Plaintiff identifies this Defendant as "Gini Haspell." The Court takes judicial notice that Gina Haspel is the former Director of the CIA.

>HIS RECORDS REMOVED FROM ALL THE NORMAL PLACES THE MILITARY KEEPS RECORDS THE PETTIONERS RECORDS WERE THEN PLACED INSIDE THE CIA MICROFILM VAULT AND THE RONALD REAGAN PRESIDENTUAL LIBRARY. YOU CAN ONLY FIND MY MILITARY RECORDS IN THOSE TWO PLACES.  CORRECT CARE SERVICES OF TENNESSEE HAS VIOLATED THE PETITIONERS CONSTITUIONAL RIGHTS BY DEMANDIND FOR 12 YEARS THE PETITIONER SHOW CLASSIFIYED MILITARY RECORDS THAT HE CANT GET THIS PRIVITIZED MEDICAL COMPANY TOOK A CONTRACT WITH KY TO TREAT ALL THE STATES PRISONERS NOT JUST THE ONES ITS FORCED TO TREAT.

Plaintiff states that he was in the CIA for twelve years and describes his role in a secret assassination of a foreign leader who threatened President Ronald Reagan. He states that he "LEFT THE CIA WITH THEIR TECHNOLOGY INSIDE MY BODY." He states that he was supposed to have forgotten that it was in his body but that it is now "LOOSE AND SCRATCHING ME UP INSIDE MY BODY" and causing him pain. He would like this "TECHNOLOGY" to be removed from his body but states that CCS "DOES NOT BELIEVE I HAVE THIS IN MY BODY AND WONT DO ANYTHING ABOUT IT AT ALL." Plaintiff asks that the Court call the CIA Director and order her to "GO TO THE MICROFILM VAULT LOOK UP THE BABY FED PROJECT CRAB EXPERIMENT." He states that he was given an x-ray but it does "NOT SEE DEEP ENOUGH IN MY BODY IT TAKES A MRI."

The complaint goes on at length to criticize privatized healthcare for prisoners and repeat his claims over and over again. Plaintiff also states that in order for the CIA Director to access his military records the President and the leaders of the United States House of Representatives and Senate must be present. He describes in detail the numerous letters he has sent to the CIA and the Reagan Presidential Library requesting his records to no avail. He states that Chief Justice John Roberts called his former prison's medical personnel to complain about him. Plaintiff repeatedly describes in detail the secret assassination or assassination attempt he

undertook during the Reagan Administration. He asserts that he has a contract with the CIA called the "CONTRACT WITH AMERICA."

As relief, Plaintiff does not seek damages. He asks that the Court "Get a copy of military service and get a copy the Contract with America from CIA microfilm vault and from Reagan Presidentual Library."

Plaintiff also filed a motion for emergency medical care (DN 6) requesting the Court to order that he be given an MRI to prove to the "Prison Medical Department, the Court itself, and everybody else" that he "is not 'Mentally ill and dillutional,' but, that [he] was telling the truth about the CIA, Technology inside is in [his] body and also broken loose and was really causing [him] real internal pain that he has been complaining about, for the last 12 years now." He states that he has "wires tucked up inside of his lower body area." The motion further reiterates the allegations in his complaint.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. An action has no arguable factual basis when the allegations are delusional or

"rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992); *see also Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990). The Court need not accept as true factual allegations that are "'fantastic or delusional'" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Upon review of the complaint, the Court finds that Plaintiff's allegations meet the standard for frivolousness. *See Neitzke*, 490 U.S. at 328 (allowing for the dismissal of "claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar"); *Stone v. Jesse*, No. 3:18-CV-277-JD-MGG, 2018 U.S. Dist. LEXIS 240616, at *3 (N.D. Ind. Apr. 25, 2018) (dismissing claim as frivolous where the plaintiff alleged that "a secret governmental agent working for a governmental agency such as the CIA [had] inject[ed] a foreign object and or foreign substance into Mr. Stone's body").

In addition, "a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). A claim lacks an arguable basis in fact if it is "'premised on clearly baseless factual allegations that describe fantastic or delusional scenarios, rising to the level of the irrational or the wholly incredible.'" *Selvy v. Dep't of Hous. & Urban Dev.*, 371 F. Supp. 2d 905, 908 (E.D. Mich. May 31, 2005) (quoting *Tenn. ex rel. David Francis Fair v. Comm'r*, No. 3:04-cv-494, 2004 U.S. Dist. LEXIS 26677 (E.D. Tenn. Nov. 4, 2004)).

The Court concludes that the complaint meets the standard for dismissal under Fed. R. Civ. P. 12(b)(1), as well. The Court notes that the Eastern District of Kentucky dismissed a case

filed by Plaintiff in which he made some of the same allegations. *See Hollon v. E. Ky. Corr. Complex*, No. 10-CV-177-KSF, 2010 U.S. Dist. LEXIS 74676, at *4-5 (E.D. Ky. July 22, 2010) ("Hollon's allegations are clearly delusional. He asserted no legitimate claims or request for relief relating to actual or specific conditions of his confinement at the EKCC."))

### III. CONCLUSION

For the foregoing reasons, the Court will dismiss the action by separate Order and deny the motion for emergency medical care as moot.

Date: May 6, 2021

**Thomas B. Russell, Senior Judge**
**United States District Court**

cc: Plaintiff, *pro se*
 Defendants
4413.010